UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darwin Lee Zoch, | Case No. 23-CV-0669 (PAM/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jarid Rardin, Warden, Rochester FMC, | |
| Respondent. | |

Petitioner Darwin Lee Zoch is a prisoner scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") in 2025. Prior to his release from custody, Mr. Zoch will serve a portion of his term in what is known as "prerelease custody," such as detention at a residential reentry center or home confinement. *See* 18 U.S.C. § 3624(c). In the petition for a writ of habeas corpus now before the Court, Mr. Zoch contends that he is entitled to prerelease custody sooner than the BOP is currently projecting for him, and he asks the Court to direct the BOP to transfer him to a residential reentry center or home confinement more quickly.

In an order to show cause dated April 17, 2023, Magistrate Judge Tony N. Leung directed Zoch to explain why the petition should not be summarily denied pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 2.) Magistrate Judge Leung pointed out two problems with Mr. Zoch's habeas petition. The first problem was that the petition had not been signed, and Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other

1

paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The second, more substantive problem was that Mr. Zoch was claiming only that he should be detained somewhere else (i.e., on prerelease custody). A habeas corpus petition is the appropriate procedural vehicle for challenging the fact or duration of confinement, but neither of those are at issue here.[1] *See, e.g.*, *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *2 (D. Minn. Aug. 5, 2022). "Home confinement is not the end of confinement, but a transfer to another place of confinement. It is a change in the conditions of confinement. An inmate on home confinement is still serving a sentence and is in confinement while doing so." *Craft v. Birkholz*, No. 21-CV-1917 (MJD/JFD), 2022 WL 18359162, at *2 (D. Minn. Oct. 20, 2022), *report and recommendation adopted*, 2023 WL 275160 (D. Minn. Jan. 18, 2023). Moreover, as Magistrate Judge Leung explained, "[c]ourts in this District have continually held that the BOP has exclusive authority to determine the placement of prisoners." *Garcia v. Eischen*, No. 22-CV-0444 (SRN/BRT), 2022 WL 4084185, at *2 (D. Minn. Aug. 16, 2022) (collecting cases). This action therefore appeared to be subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] In some cases, it is appropriate to offer a litigant the opportunity to "convert" a habeas pleading to a non-habeas pleading (or vice versa) so that the claims presented to the Court may be raised through the correct procedural vehicle. Because it does not appear that a viable non-habeas cause of action is available to Mr. Zoch, it is recommended that this matter be dismissed without prejudice rather than converted. Mr. Zoch remains free to replead any claims that might be available to him in a non-habeas civil action, though he is warned that he will be responsible for the $350.00 statutory filing fee should he initiate such an action. *See* 28 U.S.C. s. 1915(b).

Mr. Zoch has now responded to Magistrate Judge Leung's order to show cause. (Doc. 4.) Mr. Zoch asks that his response (which is itself signed) be accepted as serving as the "signature" for his habeas petition. The purpose of the signature requirement of Rule 11 is to ensure that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief" that the information in that document is truthful and presented in good faith.  Fed. R. Civ. P. 11(b). Mr. Zoch has not physically signed his habeas petition even after the deficiency was drawn to his attention, but he has an obvious excuse—he is, after all, in prison—and he has attested through this letter that his habeas petition was filed in good faith. This Court believes that, under the circumstances, the habeas petition may be regarded as now being signed and need not be stricken pursuant to Rule 11(a).

Mr. Zoch also expressed a concern that Magistrate Judge Leung may have converted his petition from one brought pursuant to 28 U.S.C. § 2241 to one brought under § 2254. This did not happen. Mr. Zoch's habeas petition is not governed by § 2254. Magistrate Judge Leung pointed out that Mr. Zoch's habeas petition was subject to preliminary review under Rule 4 of the Rules Governing Section 2254 Cases—which, despite the name, may be applied to *any* habeas petition, including habeas petitions brought pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

Mr. Zoch also renews his argument that he should be afforded prerelease custody sooner than the BOP is currently planning for him. But as explained in the earlier order to show cause, a prisoner cannot use a habeas corpus petition to challenge *where* he is

3

detained, only *whether* he should be detained. Mr. Zoch does not contest that he is subject to BOP custody or argue that the BOP is threatening to carry out that custody for too long. Instead, he argues only that he is entitled to carry out that custody somewhere else, such as a halfway house. That is simply not a justiciable habeas corpus claim. *See Johnson*, 2022 WL 3135304, at *2.

Accordingly, it is recommended that Mr. Zoch's habeas petition be denied pursuant to Rule 4 and that this matter be dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Darwin Lee Zoch (Doc. 1) be **DENIED**.

2. This matter be **DISMISSED**.

Dated: May 24, 2023         __s/Douglas L. Micko_____
    Douglas L. Micko
    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).